NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2994
_____

ALCHEM USA INC,
              Appellant

v.

TERIANNE T. CAGE, also known as Taylor Cage;
NORTH AMERICAN NICOTINE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:20-cv-03142)
U.S. District Judge:  Honorable Joshua D. Wolson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 5, 2022
_____

Before:  SHWARTZ, KRAUSE, and ROTH, <u>Circuit Judges</u>.

(Filed: August 2, 2022)
_____

OPINION*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

In this appeal, we examine whether the District Court correctly denied Alchem USA Inc.'s requests to file under seal an exhibit (the "Exhibit") submitted in support of its opposition to summary judgment motions. Because the District Court may have overlooked certain facts and law when it declined to seal the Exhibit, we will vacate the orders denying the requests to seal and remand.

I

Alchem, a seller and marketer of liquid nicotine products, sued Terianne T. Cage and North American Nicotine ("NAN") for, among other things, misappropriating, stealing, or otherwise misusing Alchem's confidential information and trade secrets. After discovery closed, Cage and NAN moved for summary judgment. In connection with its opposition to the motions, Alchem filed a motion to file the Exhibit under seal pursuant to a stipulated confidentiality order and Eastern District of Pennsylvania Local Civil Rule 5.1.2.[1] Alchem explained that the Exhibit was comprised of documents that were designated "Attorneys' Eyes Only" and contained purported "trade secrets." App. 72. Citing its expert's report, Alchem argued that publicly filing the Exhibit would (1) "cause [it] extreme detriment" because the information "would be of great value to a

---

[1] The confidentiality order required a party seeking to file with the District Court material that contains information a party designated as "Highly Confidential Attorneys' Eyes Only" or "Confidential" to "seek leave of Court to file the same under seal in accordance with the provisions of Rule 5.1.2 of the Local Rules of the Eastern District of Pennsylvania." App. 38. The confidentiality order stated that it alone did not grant any party authorization to file any document under seal. Rule 5.1.2 sets forth the procedures for filing court-ordered sealed documents.

competitor," App. 72-73, and (2) "eviscerate any trade secret protections associated with the materials and information," App. 73. Alchem offered "to produce the[] materials for [the Court's] in camera review prior to disposition of the . . . motion." App. 73. In the interim, Alchem docketed a "placeholder" in lieu of the multipage exhibit. Appellant's Br. at 8.

The District Court denied Alchem's motion the next day, concluding that Alchem (1) did not specifically identify the information it sought to protect or explain "why that information constitute[d] a trade secret under governing law," (2) failed to allege sufficient harm resulting from the disclosure, and (3) erred to the extent it relied on the materials being designated "Attorneys' Eyes Only," as that designation was "irrelevant to the Court's analysis." App. 6. Accordingly, the Court ordered Alchem to publicly file the Exhibit on the docket.

Alchem immediately moved for reconsideration and thereafter filed a redacted version of the Exhibit. In support of its motion, Alchem explained that the Exhibit contained:

> (i) contact information for individual(s) with purchasing power within an organization; (ii) order history on a specific client basis; (iii) pricing history on a specific client basis; (iv) shipping and billing information on a specific client basis; (v) contact/communication history on a specific client basis; (vi) marketing efforts on a specific client basis; (vii) packaging methods on a specific client basis; and (viii) order frequency [as well as] [i]nformation relative to the properties and formulations of Alchem's liquid nicotine products.

App. 269-70. Alchem highlighted that its expert stated, among other things, that: (1) information concerning the identity of a customer's specific manufacturers or suppliers,

3

amounts purchased, and prices paid are not generally known in the liquid nicotine industry; (2) a company's customer names, pricing, volumes ordered, and packaging choices would be valuable to competitors; and (3) "the materials . . . constitute[d] its trade secrets and confidential information." App. 268-69. Alchem also argued that filing an unredacted version of the Exhibit would undermine a major purpose of this particular lawsuit—i.e., to protect its trade secrets—and no jury had determined the information in the documents did not constitute trade secrets. Alchem again offered to produce an unredacted version of the Exhibit for in camera review "prior to any determination of th[e] motion." App. 268. Alchem represents to us that it provided an unredacted copy of the Exhibit to the District Court, but it is unclear when it did so.

The District Court denied Alchem's reconsideration motion because Alchem: (1) identified no "new evidence, change in law, or legal error," Alchem Inc. v. Cage, No. 20-cv-03142, 2021 WL 4902331, at *8 (E.D. Pa. Oct. 21, 2021); (2) "made no effort [in its first motion] to satisfy its burden to persuade the Court to seal the [E]xhibit," and instead treated the motion as an "afterthought" by assuming arguments in its summary judgment motion would be considered in the context of its contemporaneously-filed motion to seal, id.; (3) failed to "show[] a clearly defined, serious injury," even assuming the information in the Exhibit constituted trade secrets, by, for example, "showing . . . how its competitors might use the data in th[e] [Exhibit] to Alchem's disadvantage," or how the information was valuable, id. at *8-9; and (4) likely failed to sustain its burden to obtain sealing "in the first instance," let alone the "heavier burden" one must satisfy when seeking reconsideration of an order, id.

4

Alchem appealed the District Court's orders. While the appeal was pending, the parties settled. Upon learning of the settlement, the District Court dismissed the case with prejudice pursuant to Eastern District of Pennsylvania Local Civil Rule 41.1(b).

## II[2]

### A[3]

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. See In re Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001); Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 371 (3d Cir.), order clarified, 543 F.3d 178 (3d Cir. 2008) ("[O]rders releasing sealed material and denying a motion to unseal are collateral orders within the meaning of 28 U.S.C. § 1291." (quoting Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 n.4 (3d Cir. 1991))); Arnold v. Pa. Dep't of Transp., 477 F.3d 105, 107 (3d Cir. 2007).

The fact that the District Court case was dismissed while this appeal was pending does not deprive us of jurisdiction to review orders sealing or unsealing judicial records. Gambale v. Deutsche Bank AG, 377 F.3d 133, 139-41 (2d Cir. 2004). Items filed with a court retain judicial record status even if the case is "settled without a judgment on the merits." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140 (2d Cir. 2016). "So long as the[] [records] remain under the aegis of the court, they are superintended by the judges who have dominion over the court," and the court's supervisory power over those records continues even when "jurisdiction over the relevant controversy has been lost." Gambale, 377 F.3d at 141. Thus, dismissal does not "divest[] a court of jurisdiction either to dispose of material in its files as it thinks appropriate or to modify or vacate its own protective orders with respect to such documents." Id. at 139-40; see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, No. 14-CV-06867, 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016), aff'd, 814 F.3d 132 (2d Cir. 2016). Accordingly, the District Court's orders remain reviewable post-dismissal. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also United States ex rel. SFN Partners, LLC v. Post Acute Partners, LLC, No. 20-CV-08262, 2022 WL 1171294, at *3 (S.D.N.Y. Apr. 20, 2022) (ordering Clerk of Court to unseal documents after voluntary dismissal).

[3] Alchem's notice of appeal identifies only the order denying reconsideration, but its brief states it appeals both the order denying its motion to seal and the reconsideration order. Rule 3 of the Federal Rules of Appellate Procedure suggests that review of both orders is appropriate though one of the orders was omitted from the notice of appeal. See United States v. Hald, 8 F.4th 932, 937 n.3 (10th Cir. 2021). Moreover, Alchem's reconsideration motion was timely filed under Federal Rule of Civil Procedure 59(e), and

5

"[T]he common law presumes that the public has a right of access to judicial materials," In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019), which include judicial records.[4] "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" Id. (quoting Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)). "The movant must show 'that the material [a party seeks to keep from the public domain] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" Id. (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)). "In delineating the injury to be prevented, specificity is essential." Id. at 673 (quoting In re Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 194 (3d Cir.

that motion tolled the time for filing an appeal of the order denying the motion to seal under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv).

We review both the sealing order and the reconsideration order for abuse of discretion, though our review of the legal principles is plenary in this case. Long v. Atl. City Police Dep't, 670 F.3d 436, 446 & n.20 (3d Cir. 2012) (reconsideration orders); United States v. Wecht, 484 F.3d 194, 208 (3d Cir.), as amended (July 2, 2007) (common law right to access orders). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Satterfield v. Dist. Att'y Pa., 872 F.3d 152, 158 (3d Cir. 2017) (quoting Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014)).

[4] Judicial records are "[d]ocument[s] that 'ha[ve] been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d at 672 (quoting Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001)).

2001)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." Id. (quoting In re Cendant Corp., 260 F.3d at 194).[5]

The Exhibit constitutes a judicial record. See id. at 672 ("[D]ocuments filed in connection with a motion for summary judgment are judicial records."). Alchem argues that it warrants sealing and that the District Court erred by concluding (1) that "Alchem ma[d]e[] no attempt to identify what specific information it s[ought] to protect and why that information constitute[d] a trade secret under governing law," App. 6, (2) the Exhibit does not contain the kind of information that courts will protect, and (3) that Alchem failed to show that disclosure would work a clearly defined and serious injury.[6] We agree. In reaching each these conclusions, the District Court failed to consider evidence in the record and the applicable law.

First, although Alchem's original sealing motion only generally described the type of information it sought to submit under seal, the motion did refer to an expert who opined that the type of information Alchem sought to seal constituted trade secrets. Furthermore, Alchem's contemporaneously filed summary judgment opposition brief and exhibits described the information in some detail and explained why Alchem viewed the information as valuable trade secrets. Indeed, as Alchem explained in its motion to seal, it filed the Exhibit largely in response to NAN's contention that "Alchem does not have

---

[5] Because the District Court and Alchem relied on only the common law right of access, we need not address whether the First Amendment right of public access extends to summary judgment records. See Avandia, 924 F.3d at 679-80.

[6] Alchem rightly abandons the argument that the parties' designation of a document as "confidential" or "for Attorneys' Eyes Only" should dictate how a court treats a request to sealing.

7

protectable trade secrets." App. 71. Thus, it appears the District Court overlooked evidence and arguments that would have disclosed the type of information Alchem sought to seal.

Second, the District Court failed to apply the law concerning the types of information Alchem sought to seal. "Client lists and profiles, pricing information, and shipping-to information" are examples of the "kind of information [that] can be a trade secret" under Pennsylvania law. Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 107 (3d Cir. 2001) (citing Robinson Elec. Supervisory Co. v. Johnson, 154 A.2d 494, 496 (Pa. 1959), and A.M. Skier Agency, Inc. v. Gold, 747 A.2d 936, 940 (Pa. Super. Ct. 2000)). "Documents containing trade secrets or other confidential business information may be protected from disclosure." Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 166 (3d Cir. 1993); see also Avandia, 924 F.3d at 679 & n.14 (describing "trade secrets" as "a noted exception to the presumption of public access," and stating that "courts may permissibly seal judicial records where they are sources of business information that might harm a litigant's competitive standing" (quotation marks omitted)). The District Court did not appear to consider these principles in reaching its decisions.

Third, the District Court disregarded Alchem's expert report, which describes harms that would occur if the type of information contained in the Exhibit was publicly disclosed. See Avandia, 924 F.3d at 672 (stating that party seeking to seal must also

8

show that the material's disclosure would work a specifically defined and serious harm).[7]

Alchem specifically referenced its expert report in both the original motion to seal and the reconsideration motion. There is no indication, however, that the District Court considered the report in either of its rulings. District Courts are required to conduct a "careful factfinding" and analysis when considering sealing motions, and may not disregard record evidence merely because it appears in a separate submission.[8] Leucadia, Inc., 998 F.2d at 167.

### III

For the foregoing reasons, we will vacate the District Court's orders and remand.

---

[7] Although trade secrets are not automatically protected from disclosure, see Leucadia, Inc., 998 F.2d at 166-67, district courts in this Circuit often find their disclosure would cause a harm sufficient to warrant sealing, see, e.g., Teva Pharms. USA, Inc. v. Sandoz Inc., No. 17-CV-00275, 2017 WL 11512167, at *2 (D.N.J. May 2, 2017). This view is unsurprising given the definition of a trade secret. See, e.g., 12 Pa. Cons. Stat. § 5302 (defining a trade secret as various items that "derive[] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use."); see also Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 92-93 (3d Cir. 1992) ("[A]n intention to make imminent or continued use of a trade secret or to disclose it to a competitor will almost certainly show immediate irreparable harm."); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.").

[8] This analysis requires district courts to examine the document for which sealing is sought to determine if it contains the kind of information that, if disclosed, would cause a clearly defined and serious injury. See Avandia, 924 F.3d at 673 ("[C]areful factfinding and balancing of competing interests is required . . . . To that end, the District Court must conduct[ ] a document-by-document review of the contents of the challenged documents." (citations and quotation marks omitted) (alterations in original)). Because the District Court may not have had the unredacted document at the time the District Court denied the initial sealing order, it may not have fulfilled this requirement either.

9